UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                             No. 1:18-cr-01966-JCH

NICK L. MEDEIROS and
BOBBY GREAVES,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On March 30, 2020, Defendants moved for a bill of particulars, claiming that the superseding indictment lacks specificity under Federal Rule of Criminal Procedure 7. The Government opposes the motion on procedural and substantive grounds. The Court, having considered the motion, briefs, the superseding indictment, the applicable law, and otherwise being fully advised, concludes that Defendants' motion should be denied.

**I.      BACKGROUND**

The Court presents the following facts taken from the superseding indictment. Nick L. Medeiros and his brother-in-law Bobby Greaves are accused of defrauding, conspiring to defraud, and making false statements to federal agencies by abusing the Service-Disabled Veteran-Owned Small Business Program (SDVOSB or Program), which provides federal contracting assistance to service-disabled veterans who own small business.

To qualify for a SDVOSB contract, a service-disabled veteran must own at least 51% of a small business and the business must be owned and controlled by one or more service-disabled veterans. In 2003, Bobby Greaves and Nancy Greaves formed JSR, Inc., a small construction business, with Nancy owning 51% of the business and Bobby the remaining 49%. The

superseding indictment does not say whether Nancy or Bobby are service-disabled veterans. In January 2012, Mr. Medeiros – who is a service-disabled veteran – and Mr. Greaves formed NJM, Inc., also a construction business. Mr. Medeiros owned 51% of the business while Mr. Greaves owned the remaining 49%. NJM and JSR are both headquartered at 8835 Greaves Lane in Schertz, Texas.

Soon after NJM's establishment, the United States Department of Veteran Affairs (VA) denied NJM's application for SDVOSB-status. The VA could not determine if Mr. Medeiros controlled NJM given that Mr. Greaves owned 49% of the business, NJM leased office space from JSR, and Mr. Medeiros previously was a JSR employee. But in October 2012, the VA granted Mr. Medeiros's application for reconsideration and gave SDVOSB-status to NJM. The VA renewed this certification in September 2014. As a result of its SDVOSB-status, from 2012 to 2016 NJM acquired more than $3 million in federal construction contracts with the VA and the United States Department of Defense (DoD).

In obtaining those contracts, Defendants allegedly conspired to "misrepresent[] the relationship between NJM and JSR" and "pass off" JSR employees as NJM employees, and, further, "conceal NJM's ability to provide sufficient employees and supervisors to complete contracts without JSR's assistance." Defendants supposedly submitted contracting documents stating that NJM could perform significant work without using JSR employees or equipment when, in fact, NJM used JSR employees and equipment to perform VA contract work. NJM would also alter JSR employees' resumes to list them as NJM employees and dress them in "NJM" emblazoned work gear. The "overt acts" section of the superseding indictment describes various instances from 2012 – 2016 where one or both Defendants allegedly misrepresented JSR employees as NJM employees to federal contracting officers.

Defendants were originally indicted in June 2018. On March 10, 2020, the grand jury returned a four-count superseding indictment. Count I charges Defendants with conspiracy to commit fraud, major fraud, and wire fraud against the government, and to make materially false statements and representations in order to influence a decision of an Executive Branch agency. Count II alleges that the Defendants committed major fraud against the government by means of false and fraudulent pretenses to obtain a DoD contract valued at $1 million or more. Counts III-IV allege that on certain dates Defendants made materially false, fictitious, and fraudulent statements and misrepresentations to the government.

On March 20, 2020, Defendants moved the Court to order the Government to file a bill of particulars that explains how Defendants committed eight enumerated acts described in Counts I-II. Defendants request a bill explaining "in what manner and at what time did Defendants": defraud the government, commit major fraud in the procurement of services as prime contractor on a contract worth at least $1 million, commit wire fraud to defraud the VA and DoD of money and property by fraudulent means, make materially false statements to influence a government decision, misrepresent the relationship between NJM and JSR and the two business' employees, submit documents that NJM was able to perform the work without using JSR resources, "pass off" JSR employees as NJM employees, and obtain valuable contracts by making false SDVOSB certifications.

The Government opposes the motion, contending that, procedurally, it is untimely, and, substantively, that the superseding indictment is sufficiently detailed and that the discovery supplied to Defendants contains information necessary to allow them to prepare their defenses.

## II.  STANDARD OF REVIEW

Under Fed. R. Crim. P. 7(c)(1), an indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Chisum,* 502 F.3d 1237, 1244 (10th Cir. 2007) (quoting *United States v. Dashney,* 117 F.3d 1197, 1205 (10th Cir. 1997)). "Therefore, where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (internal quotation marks omitted), *quoting United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir. 1988)); *United States v. Doe*, 572 F.3d 1162, 1173–74 (10th Cir. 2009) ("The indictment need only "quote[ ] the language of a statute and include[ ] the date, place, and nature of illegal activity.")

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quotation omitted). "[T]he defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case." *Id*.; *United States v. Lundstrom*, 880 F.3d 423, 439 (8th Cir. 2018) ("A bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial.")

## III.  DISCUSSION

### A. Timeliness of the Motion

Fed. R. Crim. P. 7(f) allows a defendant to move for a bill of particulars "before or within 14 days after arraignment or at a later time if the court permits." The Government argues that Defendants' motion is time-barred because Defendants were originally arraigned in July 2018 and thus their motion is late by more than one-year. However, the original indictment was superseded. Therefore, the timing stricture of Rule 7 does not relate back to the original indictment.[1] The superseding indictment was filed on March 10, 2020, and Defendants filed their motion on March 20, 2020, and thus within the 14-day period for filing a motion. The Court also rejects the Government's suggestion that the motion is untimely because the Defendants waived their appearances at arraignment on the superseding indictment. The Government cited no authority to support this proposition and therefore it is rejected. Defendants' motion is timely.

**B. Merits of the Motion**

Despite this conclusion, Defendants' motion should be denied because the superseding indictment sufficiently apprises Defendants of the charges against them. Count I tracks and cites the language of the conspiracy to commit an offense or defraud the United States statute. *Compare* Superseding Indictment, ECF No. 66, *with* 18 U.S.C. § 371 ("If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined ….") Count I also contains a range of dates for the alleged criminal conduct – November 30, 2011 to the present, identifies the statutes Defendants allegedly violated, states the objective of the conspiracy, and sets forth three-

---

[1] If the original and superseding indictments were nearly identical, then perhaps the Government's argument would have merit. But neither party explained the differences between the indictments and the Court will scan the indictments looking for the differences between them.

pages of overt acts, each detailing a specific date and conduct by one or both Defendant on that date. Some of the overt acts contain details about the specific contract and communications with contracting officers, making Count I sufficiently detailed.

Similarly, Count II tracks and cites the statutory language of the major fraud statute. *Compare* ECF No. 66, *with* 18 U.S.C. § 1031 ("Whoever knowingly executes, or attempts to execute, any scheme or artifice with the intent [] to defraud the United States; or to obtain money or property by means of false or fraudulent pretenses, representations, or promises, … in any procurement of property or services as a prime contractor with the United States or as a subcontractor or supplier on a contract in which there is a prime contract with the United States, if the value of such grant, contract, … or any constituent part thereof, is $1,000,000 or more shall, subject to the applicability of subsection (c) of this section ….") The superseding indictment alleges that Defendants committed major fraud to obtain a federal contract with DoD by using false pretenses and promises and by "falsely certifying that NJM met SDVOSB and SBA standards for independence and veteran control." The superseding indictment sufficiently gives notice of the Government's theory and allows Defendants to prepare a defense. *United States v. Washington*, 653 F.3d 1251, 1259 (10th Cir. 2011) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.") (quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974) (alterations and other citation omitted)))

Moreover, when discovery supplies the information necessary to allow the defendants to prepare their defenses, a bill of particulars is not warranted. *Ivy*, 83 F.3d at 1282 (holding that discovery gave defendant tools necessary to prepare defense.) The Government states that it has

provided Defendants "literally thousands of pages of documents," that touch on each overt act in the superseding indictment. Defendants also possess electronically stored material from the VA and DoD about the case, and Defendants have gone to military buildings to inspect and copy "voluminous government records." Considering the details in the superseding indictment together with the fact that Defendants have received extensive discovery, Defendants have sufficient notice of the charges to allow them to prepare a defense.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED that** Defendants' Motion for a Bill of Particulars **(ECF No. 74)** is **DENIED**.

**IT IS SO ORDERED**.

_____
HON. JUDITH C. HERRERA
Senior United States District Judge