**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                        No. 1:18-cr-01966-JCH

NICK L. MEDEIROS and
BOBBY GREAVES,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Unopposed Motion for Issuance of Subpoena (ECF No. 108). After carefully considering the motion, pertinent portions of the record, and relevant law, the Court concludes that the motion will be **granted**.

**I.  Background**

Defendants Nick L. Medeiros and his brother-in-law Bobby Greaves are accused of defrauding federal agencies and committing other crimes by abusing the Service-Disabled Veteran-Owned Small Business Program (SDVOSB), which provides federal contracting assistance to service-disabled veterans who own small businesses. In October 2020, Defendants filed a discovery motion for evidence concerning government construction contracts that the Defendants allegedly obtained by fraud and/or false pretenses. The Government responded that the records were not in its possession, custody, or control, and so had it had nothing to produce. It did say, however, that it would not object to Defendants following the subpoena duces tecum procedures pursuant to Federal Rule of Criminal Procedure 17(c) for obtaining the records.

On December 17, 2020, Defendants took up this suggestion and filed a Rule 17(c) motion. Defendants' proposed subpoena calls for Lee Mutschler, a contracting officer with Cannon Air

Force Base, to produce certain contracting records for the 27th Special Operations Contracting Squadron at Cannon. The 27th Squadron oversaw the weapons cleaning room and drop zone contracts. Defendants tell the Court that Mr. Mutchler "has indicated that he is the appropriate point of contact for the documents set forth in the subpoena." ECF No. 108 at 2.

The proposed subpoena seeks production of the following records:

> Regarding USAF contracts FA4855-12-C-0018 dated 9-24-12 for Cannon AFB Weapons Cleaning Room & FA4855-13-C-0016 dated 9-27-13 for Cannon AFB Drop Zone, all memorandums, findings, reports or presentations by the Source Selection Evaluation Board (or similar evaluation team, board or council) regarding the government's decision to award these contracts to NJM including all documents related to the Source Selection Authority's award decision; and any and all individual evaluator's ratings sheets, summaries, the independent government estimate, memorandums, notes, emails, internal correspondence, and the Government's contract file.

ECF No. 108-1, 1. The proposed subpoena orders Mr. Mutchler to produce the material by noon of January 4, 2021. These records were identified in Defendants' previous discovery motion. *Compare id.*, *with*, ECF No. 93, ¶¶ 1, 2 at 2. Again, the Government said it would not object to these specific records being subpoenaed.

**II.     Discussion**

Federal Rule of Criminal Procedure 17(c) provides that: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). "Rule 17(c) reflects the command of the Sixth Amendment that the full power and processes of the courts are available to defendants in criminal cases to help them defend against the charges brought by the Government." *United States v. Grobstein*, No. 13 CR 0663 MV, 2013 WL 12334156, at *1 (D.N.M. Apr. 26, 2013) (citation omitted). However, Rule 17(c) is "not intended to provide an additional means of discovery," but is instead designed to "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials."

*Bowman Dairy Co. v. United States,* 341 U.S. 214, 220 (1951). A party seeking a subpoena duces tecum under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *United States v. Nixon,* 418 U.S. 683, 699-700 (1974). This standard requires a Rule 17(c) movant to demonstrate that the subpoenaed item is relevant, admissible and specific. *See Abdush-Shakur*, 465 F.3d at 467. *See United States v. Morris,* 287 F.3d 985 (10th Cir. 2002) (In order to satisfy the *Nixon* standard, the moving party "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity.") (citation omitted). "It is insufficient that the requested evidence may have some potential of relevance and evidentiary use." *United States v. Nelson*, No. CR 15-2023 MV, 2015 WL 9943540, at *3 (D.N.M. Dec. 4, 2015) (citation omitted).

Defendants have carried their burden of proof to show that the requested items are relevant, admissible, and specific. They explain that the items will shed light on the government's contracting selection process and that Defendants require the documents to establish their defenses and to effectively cross-examine and impeach Government witnesses. The requested items are not otherwise procurable without a subpoena because the Government does not have the items in its possession, custody, or control. Defendants specifically identify the items sought by identifying specific contracts and documentation associated with those contracts. Defendants' motion is granted.

**IT IS THEREFORE ORDERED that** Defendants' Unopposed Motion for Issuance of Subpoena **(ECF No. 108)** is **GRANTED**.

**IT IS SO ORDERED**.

_____
HONORABLE JUDITH C. HERRERA
Senior United States District Judge