UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                      No. 1:18-cr-01966-JCH

NICK L. MEDEIROS and
BOBBY GREAVES,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Nick L. Medeiros and Bobby Greaves' Motion to Admit Lay and Character Testimony from Certain Experts. ECF No. 125, (Mot.). Having considered the motion, the positions of the parties, and the applicable law, the Court rules as explained herein.

    **I.**     **BACKGROUND**

    The Court has detailed the facts of this case in numerous prior orders. Familiarity with the facts of the case is presumed. As pertinent here, the Government previously moved exclude two of Defendants' proffered experts, Elizabeth Connally and Kelly Foster, under the Fed. R. Evid. 702 analysis set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Ms. Connally served as legal counsel for Mr. Medeiros from 2012 – 2015. Mot. at n.1. During that time, she helped him obtain Service-Disabled Veteran Owned Small Business (SDVOSB) and 8(a) certification for his business, NJM, Inc. (NJM) and represented him in a bid protest. *Ibid*.

Ms. Foster was legal counsel to JSR Inc. (JSR), a company partially owned by Mr. Greaves. She also represented NJM in organizing the company under Texas corporation laws and she supervised the work of others involved in drafting written agreements between NJM and JSR. *Id*. at n.2

The Court denied the Government's *Daubert* motion and ruled that Ms. Connally and Ms. Foster had the requisite qualifications and methodology to testify as experts and that their testimony would assist the trier of fact. *See* ECF No. 124 (*Daubert* MOO), 21-24. The Court reserved ruling, however, on whether Ms. Connally and Ms. Foster could testify as fact or character witnesses and gave Defendants leave to "file a motion with supporting authorities demonstrating the admissibility of their testimony." *Id*. at 32. The Defendants took up the request and filed a motion to admit the witnesses' lay testimony as fact or character witnesses.

In response, the Government stipulated to most of the motion being granted.

## II.   DISCUSSION

### A. Ms. Foster and Ms. Connally May Testify About Facts Within Their Personal Knowledge

"Both Federal Rules of Evidence 701 and 702 distinguish between expert and lay testimony, not between expert and lay witnesses. Indeed, it is possible for the same witness to provide both lay and expert testimony in a single case." *United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002) (citation and footnotes omitted). Defendants persuasively argue that attorneys, like a treating physician, may offer lay testimony and "state 'expert' facts to the jury in order to explain his [or her] testimony." *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999) (citation omitted). Moreover, under Fed. R. of Evid. 701, "a witness can testify about something only if he or she has personal knowledge." *United States v. Tapaha*, 891 F.3d 900, 906 (10th Cir. 2018). The Tenth Circuit has thus noted that in accordance with Rule 701, a lay witness doctor's

opinions "were based on his experience as a physician and were clearly helpful to an understanding of his decision making process in the situation." *Davoll*, 194 F.3d at 1138 (citation and quotation marks omitted).

In response, the Government stated that it "does not object to Ms. Foster or Ms. Connally offering testimony about facts they have personally observed." ECF No. 126 (Resp.), 1.

Given the parties' agreement, the Court concludes that Ms. Connally and Ms. Foster may testify about facts within their personal knowledge. Ms. Connally has personal knowledge of helping Mr. Medeiros obtain SDVOSB and 8(a) certification for NJM and personal knowledge about representing him in a bid protest. Ms. Foster has personal knowledge about representing NJM in organizing the business and supervising the work of others involved in drafting written agreements between NJM and JSR. Because these facts are within the witnesses' personal knowledge, the witnesses may testify about their representation of the Defendants and Defendants' businesses.

The parties agree, however, that an appropriate cautionary jury instruction may be needed "to ensure that the dual lay and expert testimony does not confuse the jury." Mot. at 3 (citation omitted); Resp. at 1 (Government agreeing with Defendants that it "may be wise," to instruct the jury that the same witness may provide both lay and expert testimony in a single case.) The Court recently gave the parties leave to submit amended jury instructions by January 21, 2022. *See* Dkt. 133. Should a party wish to offer an instruction addressing the situation of a single witness offering lay and expert testimony, the deadline to do so is January 21, 2022.

### B. Ms. Connally and Ms. Foster May Offer Character Testimony

Defendants next ask the Court to permit Ms. Connally and Ms. Foster to testify about Defendants' character for "integrity, truthfulness, and [their] status as law abiding citizens" to

3

show that it is unlikely that Defendants committed the crimes charged. Mot. at 4. Specifically, Defendants state that the witnesses will opine that (1) "Defendants acted with integrity in their dealings with" federal agencies and that Defendants also acted with integrity during the attorney-client relationship and in their "personal and business dealings," (2) that "Defendants were truthful at all relevant times and are truthful individuals," that (3) "Defendants are known to be law abiding citizens," and (4) that Mr. Medeiros "is a decorated veteran who has served this country honorably in war." Mot. at 4.

The Government stipulates to Ms. Connally and Ms. Foster testifying about categories 1-3. But it claims that the witnesses have no personal knowledge about category 4, Mr. Medeiros's status as a decorated military veteran. Resp. at 1-2.

Given the Government's stipulation, the Court allows Ms. Connally and Ms. Foster to offer character evidence of categories 1-3. Concerning category 4 – Mr. Medeiros's status as a decorated veteran – at this stage, the Court lacks information about whether Ms. Connally and Ms. Foster have personal knowledge about Mr. Medeiros's military service. At trial, Defendants are permitted to lay a foundation for the testimony and the Court can revisit the issue later in proper context.

### C. Questioning of Prosecution Witnesses

Defendants next request to "elicit character testimony" from John Klein and Benjamin Ward. Mot. at 5. Mr. Klein and Mr. Ward are federal contracting officers with the Small Business Administration (SBA) and the Veterans Administration (VA), respectively, and will testify as experts for the prosecution. *Daubert* MOO at 4. Defendants claim that the SBA and VA "validated NJM, Inc.'s submissions … as truthful" and deemed NJM's "eligibility as lawful for the contracting programs," and therefore wish to question the witnesses on those topics. Mot. at

5. Defendants also state that the proposed lay testimony of another prosecution witness, James Sechrist, will "necessitat[e] responsive character evidence" because Mr. Sechrist made allegedly false accusations about Defendants "stealing" over 2 million dollars from the federal government and other accusations. *Ibid*.

The Government responded that "if defense wants to ask government witnesses their opinion as to the honesty of Defendants … they may." Resp. at 2.

Given the Government's stipulation, Defendants may question the prosecution witnesses about their opinion as to the honesty of Defendants.

## CONCLUSION

**IT IS THEREFORE ORDERED that** Nick L. Medeiros and Bobby Greaves' Motion to Admit Lay and Character Testimony from Certain Experts **(ECF No. 125)** is ruled on as follows:

- The Court **RESERVES RULING** until trial on the admissibility of Ms. Connally and Ms. Foster's testimony that Defendant Nick L. Medeiros "is a decorated veteran who has served this country honorably in war." The balance of Defendants' motion to admit Ms. Connally and Ms. Foster's testimony is **GRANTED**.

- Defendants' request to question prosecution witnesses about their opinion of Defendants' honesty is **GRANTED**.

**IT IS SO ORDERED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE