IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.                                                       Cr. No. 18-1966-JCH

**NICK L. MEDEIROS, and**
**BOBBY GREAVES,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the United States' *Opposed Motion for Zoom Appearance of Witness* (ECF No. 250). This Court set a motion hearing on June 25, 2024, on five pending motions, including on the United States' *Motion for an Order* in Limine *Restricting Cross-Examination of Michael Lombard* (ECF No. 227). The United States intends to present the testimony of Michael Lombard at the hearing and requests that the Court take his testimony via live video teleconferencing technology (which in this case would be by using the videoconferencing platform Zoom). Defendants oppose the motion, arguing that the Court should not restrict Defendants' trial right to confront a key prosecution witness without first having that witness testify in open court. Additionally, Defendants argue that the prosecution has not established good cause for its request.[1]

---

[1] As a third reason, Defendants opposed the motion because a hearing involving Mr. Lombard's testimony was premature before full production of his personnel file. (Defs.' Br. 1, ECF No. 252.) This Court granted Defendants' motion to compel and ordered the requested information produced on or before June 14, 2024. (*See* Sealed Mem. Op. and Order 13, ECF No. 255.) This argument thus appears to be moot, so the Court will herein focus on the remaining two defense arguments.

I.      BACKGROUND

The United States indicated in its briefing that it will produce Jarrett Smilie at the hearing "to tell his side of the story of his conflict with Lombard." (Gov.'s Reply 3, ECF No. 254.) The facts related to the conflict between Mr. Smilie and Mr. Lombard are set forth in this Court's Sealed Memorandum Opinion and Order (ECF No. 255), filed on May 31, 2024, and the Court incorporates them by reference. According to the United States, Mr. Lombard "is concerned about the safety of his family with regards to his wife's ex-husband, Jarrett Smilie, and the security expenses of him coming to New Mexico in person for the hearing would be substantial." (Gov.'s Mot. 1, ECF No. 250.) In its reply, the Government stated: "Because it appears that Mr. Smilie will be appearing to testify in person, and because of the undisputed history of animosity between him and Lombard, the government proposes that is additional good cause to allow Lombard to appear by videoconferencing so the two will not be in the same place at the same time." (Gov.'s Reply 3, ECF No. 254.) The Government notes, however, that it intends to call Mr. Lombard at trial, but does not expect to call Mr. Smilie as a trial witness. (*Id.*) According to the Government, Mr. Smilie has been re-indicted on felony child abuse charges in Texas and the United States is working with counsel for Mr. Smilie to gain a mutual understanding of the topics on which Mr. Smilie could or will assert a Fifth Amendment privilege not to testify. (*Id.* at 2-3 & n.2.)

II.     ANALYSIS

The Sixth Amendment provides the accused in criminal cases with the right "to be confronted with the witnesses against him." U.S. Const., amend. VI. It is not clear, however, that a defendant's Confrontation Clause rights are implicated at a suppression hearing. *See, e.g., Barber v. Page*, 390 U.S. 719, 725 (1968) ("The right to confrontation is basically a trial right."); *Ebert v. Gaetz*, 610 F.3d 404, 414 (7th Cir. 2010); *United States v. Robinson*, 663 F. App'x 215, 218 (3d

Cir. Sept. 28, 2016) ("The Supreme Court has never suggested, however, that the Confrontation Clause applies during a pre-trial suppression hearing."); *United States v. Garcia*, 324 F. App'x 705, 708 (10th Cir. Apr. 2, 2009) ("There is no binding precedent from the Supreme Court or this court concerning whether *Crawford* applies to pretrial suppression hearings."). This Court has previously held that conducting a suppression hearing by videoconference does not violate a defendant's right to confrontation. *United States v. Rosenschein*, 474 F.Supp.3d 1203, 1208 (D.N.M. 2020). This Court has further held that a pretrial hearing by videoconference does not violate a due process right of a defendant. *See id.* at 1209 ("Though presence through a screen is not precisely the same as direct physical presence, the difference between the two is not enough to render the proceeding fundamentally unfair and does not deprive Defendant of due process.").

Nevertheless, the Court's strongly preferred practice at hearings is to have in-person witness testimony because it makes for a better examination of the witness, it avoids audio issues, it avoids delays that may occur through poor internet service, and for ease of administration. *See id.* at 1210 ("There is no doubt that having a defendant personally appear at a live, in-person hearing on a motion to suppress is the norm in the District of New Mexico. It is also the ideal manner in which to conduct such a hearing."). While the Court has allowed witness testimony by Zoom, it did so with more regularity during the COVID-19 pandemic. *See id*. Outside of the pandemic, however, the Court has permitted testimony by Zoom generally when the parties agree to that manner of presenting the testimony. The Court is disinclined to allow Zoom testimony when it is opposed, absent a good reason.

In this case, the Court is not convinced that good cause is present to abandon its preferred practice for the June 25, 2024, hearing. One of the Government's reasons for seeking Mr. Lombard's testimony by Zoom is to avoid Mr. Lombard and Mr. Smilie appearing at the

3

courthouse at the same time, given their animosity. This Court, however, is not convinced that it needs to hear the testimony of Mr. Smilie in person at this hearing to rule on the pending motion regarding the scope of cross-examination of Mr. Lombard. Mr. Smilie appears willing to share his side of the story, so there is no reason to believe that the defense will not have an opportunity to discover from Mr. Smilie impeachment evidence pertaining to Mr. Lombard. The defense thus can proffer to the Court at the hearing what information from Mr. Smilie it would like to cross-examine Mr. Lombard on, if any. Should the Court find that it needs to hear from Mr. Smilie directly, it can continue the hearing for that purpose. **Consequently, neither party should call Mr. Smilie to the stand at the June 25, 2024, hearing.** This procedure will alleviate the security concern raised in the motion of the two men being at the courthouse at the same time.

The Government also says that Mr. Lombard is concerned for his family's safety and notes that there would be a substantial security expense in his coming to New Mexico. The Government expounded no further on this assertion for the Court to be able to find that a security threat likely exists and that the hearing will create a security threat to Mr. Lombard's family that is not otherwise present. Based on the current record, the Court does not find that good cause exists to conduct the hearing by Zoom rather than the standard, preferred practice for in-person testimony. The Court will deny the motion without prejudice. Should the Government have additional information regarding a specific security threat, it has leave to file another motion.

**IT IS THEREFORE ORDERED that** the United States' *Opposed Motion for Zoom Appearance of Witness* (**ECF No. 250**) is **DENIED without prejudice**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**